IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD CALDERON,    )<br>        Plaintiff,    )<br>                                )<br>v.                                )    Civil Action No. _____<br>                                )<br>SOMERSET AUTOCENTER, INC.,    )<br>d/b/a Sue's Auto Sales,    )<br>Serve:  Sue Cardello, Registered Agent    )<br>        11 GAR Highway    )<br>        Somerset, MA  02726    )    Jury Trial Demanded<br>                                )<br>and    )<br>                                )<br>SUZANNE M. CARDELLO,    )<br>        Defendants    ) | |

COMPLAINT

INTRODUCTION

1.     This action seeks damages for two unlawful practices in a used car sale. The dealer misrepresented to the consumer that he needed to purchase a $1500 service contract or "extended warranty" in order to buy the car on time, and also refused to honor an advertised price for the car, settling on a price that was $1760 higher than the price advertised. The consumer paid for these overcharges over four years at an interest rate of 21%. Count I alleges that the defendant dealer violated the Truth-in-Lending Act by not including the service contract in the finance charge, thereby understating the finance charge and annual percentage rate. Count II alleges that the service contract was a disguised finance charge that brought the actual annual percentage rate above the lawful limit for retail installment sales of motor vehicles. Count III alleges that the dealer's claim that the service contract was required by the finance company

constituted common-law fraud.  Count IV alleges that the same assertion constituted negligent misrepresentation.  Count V alleges that this misrepresentation constituted an unfair or deceptive practice in violation of the Massachusetts Consumer Protection Act.  Count VI alleges an additional violation of the Massachusetts Consumer Protection Act, namely, the refusal to sell the car at the price at which it was advertised.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over Count I under 28 U.S.C. §§1331 and 15 U.S.C. §1640.  The court has jurisdiction over the remaining counts under 28 U.S.C. §1367.  Venue in this district is proper because all of the events complained of took place in this district.

## PARTIES

3. Plaintiff, Richard Calderon (hereinafter "Calderon"), is a natural person who resides in Fall River, Massachusetts.

4. Defendant Somerset Autocenter, Inc., (hereinafter "Autocenter") is a Massachusetts corporation with a principal place of business at 11 Grand Army of the Republic Highway, Somerset, Massachusetts  02726.  Under the name of Sue's Auto Sales, defendant is in the business of selling used motor vehicles.   Its registered agent is Sue Cardello and its registered office is at 11 Grand Army of the Republic Highway, Somerset, Massachusetts 02726.

5. Defendant Suzanne M. Cardello (hereinafter "Cardello")  is the president and chief executive officer of Somerset Autocenter, Inc.  On information and belief, Suzanne M. Cardello is the same person as Sue Cardello.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about February 1, 2008, Calderon visited Sue's Auto Sales to inquire about

buying a car.

7. Calderon intended to purchase the car for his personal, family or household use.

8. Calderon informed the dealer that he wanted the dealer to arrange financing for his purchase.

9. Calderon expressed interest in an Audi selling for approximately $15,000.

10. An employee of Autocenter, Walter Cardello, informed Calderon that that car was too expensive, but that the dealer could arrange financing for a car selling for under $10,000.

11. At all pertinent times Autocenter maintained a web site, www.suesautosales.com, which included an inventory of vehicles available for sale.

12. On February 1, 2008, Calderon viewed the said web site.

13. A 2000 Nissan Maxima sedan, VIN #JN1CA31D5YT725412, was advertised on the web site for a price of $4,990.

14. Thereafter, Calderon returned to Sue's Auto Sales and spoke to Suzanne Cardello.

15. He offered to buy the said 2000 Nissan Maxima for $4,990.

16. Defendant Cardello told him that the car was not for sale at that price.

17. Defendant Cardello told him the price of the car was $8000.

18. After some discussions, Cardello agreed to sell and Calderon agreed to buy the said Nissan Maxima, VIN #JN1CA31D5YT725412, for $6750.

19. On or about February 4, 2008, Calderon returned to Autocenter with a cash down payment to complete the purchase.

20. At that time defendant Cardello presented him with a Motor Vehicle Purchase Contract and Retail Installment Sale Contract showing, in addition to the car and miscellaneous fees and sales tax, a charge of $1,500 for an extended warranty or service contract.

21. Calderon informed Cardello he did not want an extended warranty.

22. Cardello told Calderon that purchase of the extended warranty was required by the finance company to whom his contract would be assigned.

23. Cardello told Calderon that the purchase of the extended warranty was necessary in order for him to purchase the car with financing from Autocenter.

24. These representations were false.

25. These representations were material.

26. Cardello knew that these representations were false or made them in reckless disregard for their truth or falsity.

27. Cardello made these representations with the intent that Calderon act in reliance on them.

28. Cardello should have known that these representations were false.

29. Relying on Cardello's representations, needing a car and believing he had no alternative, Calderon agreed to purchase the extended warranty for $1500.

30. After Calderon had signed the Motor Vehicle Purchase Contract and Retail Installment Sales Contract, respectively appended as Exhibits A and B to this Complaint, Autocenter gave him a copy of each.

31. Calderon received a copy of the service contract, appended as Exhibit C to this Complaint, on February 5, 2008.

32. In the Truth-in-Lending disclosures contained on the retail installment sale contract (RISC), defendant Autocenter included the $1500 fee for the service contract as part of the amount financed and not as part of the finance charge.

33. According to the RISC and disclosure statement, the transaction consisted of an

amount financed of $7251.50 and a finance charge of $3526.42, representing an annual percentage rate of 21.00 per cent.

34. Had the amount financed been disclosed as $5751.50 and the finance charge as $5026.92, the annual percentage rate would have been disclosed as 35.12 per cent.

## COUNT I – TRUTH IN LENDING

35. Plaintiff realleges and incorporates by reference paragraphs 2-34 above. This claim is brought against Autocenter only.

36. Calderon's transaction was a consumer credit transaction within the meaning of the Truth in Lending Act, 15 U.S.C. §§1601 et seq. ("TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

37. Defendant Autocenter is a creditor within the meaning of the Truth in Lending Act in that it regularly extends consumer credit that is subject to a finance charge or is payable in more than four installments.

38. The charge for the extended warranty or service contract was imposed by Autocenter in connection with the credit transaction and was an incident to or a condition of the extension of credit.

39. Accordingly, this charge is covered in the definition of "finance charge" in 12 C.F.R. §226.4.

40. The charge for the service contract was required to be included in the finance charge for the transaction, rather than the amount financed.

41. Autocenter's characterization of the service contract as part of the amount financed resulted in understatement of the finance charge and annual percentage rate, in violation of 15 U.S.C. §1638(a)(3) and (4) and 12 C.F.R. §226.17 et seq.

WHEREFORE, Calderon requests that this court enter judgment for him against Somerset Autocenter, Inc., for the following relief:

a.  Statutory damages as provided for in 15 U.S.C. §1640(a)(2)(A);

b.  Attorney's fees, litigation expenses and costs, pursuant to 15 U.S.C. §1640(a)(3);

c.  Such other or further relief as the court deems appropriate.

## COUNT II - MASS. RETAIL INSTALMENT SALES ACT

42. Plaintiff realleges and incorporates by reference paragraphs 2-34 above. This claim is brought against Autocenter only.

43. Calderon's transaction was a "retail instalment [sic] sale" within the meaning of M.G.L. c. 255B, §1.

44. Calderon was a "retail buyer" and defendant Autocenter was a "retail seller" within the meaning of M.G.L. c. 255B, §1.

45. The charge for the extended warranty or service contract was imposed by Autocenter in connection with the installment sale and was an incident to or a condition of the extension of credit.

46. Accordingly, this charge is covered in the definition of "finance charge" in M.G.L. c. 255B, §14.

47. The charge for the extended warranty was required to be included in the finance charge for the transaction, rather than the amount financed.

48. The actual finance charge for the transaction was $5,026.92

49. The actual annual percentage rate was 35.12%.

50. Because it charged a higher rate than 21 per cent, Autocenter is not allowed to collect any finance charge on the transaction at issue, pursuant to M.G.L. c. 255B, §22.

WHEREFORE, Calderon requests that this court enter judgment for him against Somerset Autocenter, Inc., for $5,026.92 and such other or further relief as the court deems appropriate..

## COUNT III - FRAUD, INTENTIONAL MISREPRESENTATION

51. Plaintiff realleges and incorporates by reference the allegations of paragraphs 2-27 and 29-31 above. This count is brought against both defendants.

52. Defendants committed an intentional misrepresentation to induce Calderon to agree to include the service contract in his motor vehicle purchase.

53. Relying on this misrepresentation, Calderon agreed to include the service contract in his motor vehicle purchase and thereby sustained damages measured by the price of the service contract plus interest on same over the life of the installment sale.

WHEREFORE, Calderon requests that this court enter judgment for him against defendants jointly and severally for actual damages as determined by the court, and such other or further relief as the court deems appropriate.

## COUNT IV - NEGLIGENT MISREPRESENTATION

54. Plaintiff realleges and incorporates by reference the allegations of paragraphs 2-25 and 28-34 above. This count is brought against both defendants.

55. Defendants committed a negligent misrepresentation to induce Calderon to agree to include the service contract in his motor vehicle purchase.

56. Relying on this misrepresentation, Calderon agreed to include the service contract in his motor vehicle purchase and thereby sustained damages measured by the price of the service contract plus interest on same over the life of the installment sale.

WHEREFORE, Calderon requests that this court enter judgment for him against

defendants jointly and severally for actual damages as determined by the court, and such other or further relief as the court deems appropriate.

## COUNT V - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

57. Plaintiff realleges and incorporates by reference the allegations of paragraphs 2-31 above. This count is brought against both defendants.

58. The representation of Autocenter, by its agent Cardello, that the purchase of the service contract was required by the finance company violated 940 C.M.R. 3.05(1), which at all relevant times provided in pertinent part: "No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect. This prohibition includes, but is not limited to, representations or claims relating to the ... financing relating to such product."

59. The representations of Autocenter, by its agent Cardello, that the purchase of the service of the service contract was required by the finance company and that it was necessary in order for Calderon to purchase the car were unfair or deceptive acts or practices in violation of M.G.L. c. 93A, §2.

60. The actions of Autocenter, through its agent Cardello, were knowing and willful.

61. On November 20, 2008, Calderon, through his attorney, sent the defendants, by certified mail, return receipt requested, a written demand for relief pursuant to M.G.L. c. 93A, §9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered. A copy of the demand letter is appended as Exhibit D to this Complaint.

62. On December 2, Autocenter, through its attorney, sent a response to Calderon's demand letter. In this reply letter, Autocenter refused to make a reasonable offer of relief to

Calderon. A copy of the reply letter is appended as Exhibit E to this Complaint.

63. The refusal to grant relief was made in bad faith with knowledge or reason to know that the acts of Autocenter and Cardello violated M.G.L. c. 93A, §2.

WHEREFORE, Calderon requests that this court enter judgment for him against Somerset Autocenter, Inc., for the following relief:

a. Actual damages in an amount determined by the court;

b. Treble damages as provided by M.G.L. c. 93A, §9(3);

c. Attorney's fees, litigation expenses and costs; and

d. Such other or further relief as the court deems appropriate.

### COUNT VI – UNFAIR AND DECEPTIVE ACTS AND PRACTICES

64. Calderon realleges and incorporates by reference the allegations of paragraphs 2-18 above. This count is brought against both defendants.

65. Defendants' failure or refusal to sell the said Nissan Maxima at the price advertised on Autocenter's web site violated 940 C.M.R. 5.02(6), which at all pertinent times provided that it is an unfair or deceptive practice "for a motor vehicle dealer to fail or refuse to sell a motor vehicle in accordance with any terms and conditions, including price or warranty, which the dealer has advertised or otherwise represented."

66. Defendants' failure or refusal to sell the said Nissan Maxima at the price it had advertised or represented was an unfair or deceptive act or practice in violation of M.G.L. c. 93A, §2.

67. The actions of defendants were knowing and willful in that they did not intend to sell the said vehicle for the price at which Autocenter advertised the vehicle on its web site.

68. On November 20, 2008, Calderon, through his attorney, sent the defendants, by

certified mail, return receipt requested, a written demand for relief pursuant to M.G.L. c. 93A, §9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered. A copy of the demand letter is appended as Exhibit D to this Complaint.

69. On December 2, Autocenter, through its attorney, sent a response to Calderon's demand letter. In this reply letter, Autocenter refused to make a reasonable offer of relief to Calderon. A copy of the reply letter is appended as Exhibit E to this Complaint

70. The refusal to grant relief was made in bad faith with knowledge or reason to know that the acts of Autocenter and Cardello violated M.G.L. c. 93A, §2.

WHEREFORE, Calderon requests that this court enter judgment for him against Somerset Autocenter, Inc., for the following relief:

   a. Actual damages in an amount determined by the court;

   b. Treble damages as provided by M.G.L. c. 93A, §9(3);

   c. Attorney's fees, litigation expenses and costs; and

   d. Such other or further relief as the court deems appropriate.

### JURY DEMAND

Plaintiff demands trial by jury of Counts I-IV. Plaintiff requests trial by jury of Counts V and VI.

Respectfully submitted,

*/s/ Deborah G. Roher*
Deborah G. Roher, BBO #552047
Attorney for Plaintiff
56 N. Main Street, #413
Fall River, MA  02722
(508) 672-1383 phone
(508) 672-1084 fax
droher@massattorneys.net

January 21, 2009